1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ulyesses Moran Taylor, | No. CV-14-02721-PHX-SPL (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT COURT JUDGE:

**I.    Summary**

Petitioner pleaded guilty to burglary, but later asserted he was innocent of the offense because he resided at the burglary residence.  Petitioner now alleges ineffective assistance of trial counsel, a claim he never raised in the Arizona courts. This claim is unexhausted and procedurally defaulted, and Petitioner does not present cause and prejudice to excuse the default. Petitioner also fails to establish cause under *Martinez v. Ryan*. Petitioner's actual innocence argument under *Herrera v. Collins*, if cognizable, also fails for the same reasons, *mutatis mutandis*, as his argument under *Schlup v. Delo*: Petitioner fails to prove that no reasonable juror would have convicted him.  Therefore, the Court will recommend that the Petition be denied.

## II.     Factual and Procedural Background

### a.  Facts of the Crimes

On May 30, 2010, Petitioner found his ex-girlfriend with another man in her residence. (Doc. 10-1, Ex. B, at 17.)[1]  Petitioner gained entry into the residence by kicking-in the back door.  (Doc. 10-1, Ex. I, at 96.)  Petitioner previously lived at the residence, but his ex-girlfriend told police at the scene that he moved out of the residence a month prior to the incident.  (*Id.* at 97.)  Once inside, Petitioner stabbed the victim, his ex-girlfriend, in the abdomen with a kitchen knife.  (*Id.*)  Petitioner fled the scene. The police found Petitioner hiding nearby and arrested him.  (*Id.* at 96–97.)

### b.  Trial Proceedings, Guilty Plea, and Sentencing

On June 7, 2010, Petitioner was charged with first degree burglary, a class 2 dangerous felony, and aggravated assault, a class 3 dangerous felony.  (Doc. 10-1, Ex. A, at 2-3.)  Petitioner waived his preliminary hearing and pleaded guilty to first degree burglary.  (Doc. 10-1, Ex. B, at 13-15.)  Petitioner admitted that he entered his ex-girlfriend's house with a knife, at which time he stabbed her.  (*Id.* at 17.) The court found the plea was knowingly, intelligently and voluntarily made.  (*Id.* at 19.)

On June 30, 2010, Petitioner filed a *pro se* motion to withdraw his guilty plea. (Doc. 10-1, Ex. C, at 23–28.)   Petitioner argued in the motion that he had been "coerced into signing a plea agreement without the benefit of being able to read and review the police report."  (*Id.* at 24.)  Petitioner asserted that he "did in fact reside in the home he was charged with burglarizing."  (*Id.*)  Petitioner's motion was supported by a letter from the victim.  (Doc. 10-1, Ex. D, at 30–31.)  In the letter, the victim stated she lied to the police and also asserted that at the time of the burglary, Petitioner did in fact live with her.  (*Id.*)

On July 7, 2010, the court heard arguments on the motion to withdraw.  (Doc. 10-1, Ex. E, at 33-50.)  The court found that Petitioner had agreed to the factual basis at the

---

[1] For ease of reference, all citations to page numbers of docketed items are to the page numbers assigned by the Court's case management and electronic case filing (CM/ECF) system.

1   time of his initial plea and admitted guilt, therefore there was no manifest injustice.  (*Id.*
2   at 47–48.)  As such, the court denied the motion to withdraw.

3       On August 6, 2010, the court sentenced Petitioner to the stipulated term of seven
4   years imprisonment.  (Doc. 10-1, Ex. F, at 62.)    At the sentencing, Petitioner was
5   notified of his rights for post-conviction relief (PCR).  (*Id.*)

6       **c.  Post-Conviction Relief Proceedings**

7       On October 8, 2010, Petitioner filed a notice of post-conviction relief (PCR) (Doc.
8   10-1, Ex. G, at 65–67), and then a petition for PCR on November 10, 2011 (Doc. 10-1,
9   Ex. H, at 69–80).    Petitioner raised two issues in his petition: (1) his plea was not
10  supported by a sufficient factual basis, and (2) he was actually innocent of the convicted
11  offense.  (*Id.* at 69.)

12      On August 17, 2012, the court held an evidentiary hearing on the PCR petition.
13  (Doc. 10-2, Ex. J, at 1, 4.)  The court found no basis for actual innocence under Arizona
14  Rule of Criminal Procedure 32.1(h).[2]  (*Id.* at 63.)  The court also found that the victim
15  failed to object to the factual basis of the plea when she had the opportunity at his change
16  of plea hearing.  (*Id.* at 65-66.)  Accordingly, the court denied the PCR petition.  (*Id.*)

17      On October 25, 2012, Petitioner filed, with the Arizona Court of Appeals, a
18  petition for review of the order denying his petition for PCR.  (Doc. 10-2, Ex. K, at 69.)
19  Again, Petitioner raised two claims: (1) that there was an insufficient factual basis for his
20  guilty plea, and (2) that he was actually innocent.  On February 21, 2014, the court of
21  appeals granted review but denied relief.  (Doc. 10-2, Ex. L, at 91–98.)

22      On April 18, 2014, Petitioner filed a *pro se* petition for review the Arizona
23  Supreme Court.  (Doc. 10-2, Ex. M, at 100-03.)  Here, Petitioner alleged only that there

24
25      [2] Ariz. R. Crim. P. 32.1(h): "Grounds for relief are: The defendant demonstrates
    by clear and convincing evidence that the facts underlying the claim would be sufficient
26  to establish that no reasonable fact-finder would have found defendant guilty of the
    underlying offense beyond a reasonable doubt, or that the court would not have imposed
27  the death penalty."
28

1  was an insufficient factual basis for his guilty plea.  (*Id.*)  On November 6, 2014, the

2  court denied review.  (Doc. 10-2, Ex. N, at 105.)

3  **d.  Petitioner's Habeas Claims**

4  On December 18, 2014, Petitioner filed a Petition for Writ of Habeas Corpus.

5  (Doc. 1.)  Petitioner alleges (1) ineffective assistance of counsel based upon trial

6  counsel's failure to adequately advise him prior to his guilty plea (*id.* at 6), and (2) actual

7  innocence of first degree burglary (*id.* at 7).

8  **III.  Application of Law**

9  The writ of habeas corpus affords relief to persons in custody pursuant to the

10  judgment of a state court in violation of the Constitution, laws, or treaties of the United

11  States.  28 U.S.C. §§ 2241(c)(3), 2254(a).  Petitions for Habeas Corpus are governed by

12  the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244.

13  **a.  The Petition is timely.**

14  The AEDPA imposes a one-year limitation period, which begins to run "from the

15  latest of . . . the date on which the judgment became final by the conclusion of direct

16  review or the expiration of the time for seeking such review."   28 U.S.C. §

17  2244(d)(1)(A).   The Arizona Supreme Court denied Petitioner's *pro se* petition for

18  review on November 7, 2014. (Doc. 10-2, Ex. N, at 105.) The Petition was filed

19  December 18, 2014.  (Doc. 1.)  The Petition is timely.

20  **b.  Ground One is procedurally barred.**

21  Petitioner alleges he received "deficient advice with regard to the plea" because

22  "counsel failed to review with his client the elements of the statute; relevant case law; the

23  evidence in the State's possession," or defenses to the crime.  (Doc. 1 at 6.)  Petitioner

24  did not raise his ineffective assistance of counsel claim in his PCR petition, or in his

25  petitions for review before the Arizona Court of Appeals and Arizona Supreme Court.

26  **i.  Law**

27  Ordinarily, a federal court may not grant a petition for writ of habeas corpus

28  unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To

- 4 -

exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31–32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th

Cir. 2002).  If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53, 59 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731–32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *Harris v. Reed,* 489 U.S. 255, 260 (1989).

A procedurally defaulted claim may not be barred from federal review, however, "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones*, 691 F.3d at 1101 (quoting *Coleman*, 501 U.S. at 732.  *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008).  "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook*, 538 F.3d at 1028 n.13. Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the

procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense." *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See also Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

### ii. Application

Ground One is unexhausted and procedurally defaulted because Petitioner raises it for the first time. Claims raised for the first time on habeas review are not exhausted because they were not fully and fairly presented to state courts. *See* 28 U.S.C. § 2254(b). Petitioner did not claim in state court that he received "deficient advice with regard to the plea." (Doc. 1 at 6.)  He did not argue that "counsel failed to review with his client the elements of the statute; relevant case law; the evidence in the State's possession," or defenses to the crime.  In his PCR petition, Petitioner argued his conviction "must be vacated because the factual basis was inadequate and because the facts show that in fact Defendant resided at the apartment he was accused of 'burglarizing.'" (Doc. 10-1, Ex. H, at 76.)  To the Arizona Court of Appeals, Petitioner argued the trial court erred in denying his request to vacate his conviction because "the evidence introduced at the evidentiary hearing shows that Defendant resided at the apartment that he allegedly burglarized." (Doc. 10-2, Ex. K, at 70.)  To the Arizona Supreme Court, Petitioner argued his conviction must be vacated because "the facts subsequently showed that he resided at the apartment he was accused to have burglarized."  (Doc. 10-2, Ex. M, at 100.)

Here, Petitioner's allegation is entirely new. Petitioner's claim that his attorney failed to review the elements of the offense, case law, the evidence in the State's

possession, and defenses to the crime was never litigated in state court. The failure to fairly present this ground has resulted in procedural default because Petitioner is now barred from returning to state courts. *See* Ariz. R. Crim. P. 32.2(a), 32.4(a). *See also Coleman*, 501 U.S. at 735 n. 1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas.").

Petitioner offers no grounds to excuse the procedural default by a showing of cause and prejudice. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted). Petitioner incorrectly asserts he presented this argument in the state courts, and offers no ground to excuse the default.

### iii.   *Martinez v. Ryan*

Petitioner asserts that the ineffectiveness of his trial counsel constitutes cause and prejudice to excuse the presentation of his procedurally defaulted claims, pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). (Doc. 11 at 1-4.) Under *Martinez,* a petitioner may establish cause for the procedural default of an ineffective assistance claim by demonstrating two things: (1) 'counsel in the initial review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland*[3] . . .' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 132

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

S.Ct. at 1318).  *See also Detrich v. Ryan*, 740 F.3d 1237, 1248 (9th Cir. 2013) ("We therefore read *Martinez* to allow new claims of trial-counsel IAC, asserted for the first time on federal habeas . . .").

Claims of ineffective assistance of counsel are governed by the principles set forth in *Strickland*, 466 U.S. at 674. To prevail under *Strickland*, a petitioner must show that (1) counsel's representation fell below an objective standard of reasonableness, and that (2) the deficiency prejudiced the defense.  *Id*. at 687–88. The inquiry under *Strickland* is highly deferential, and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id*. at 689.  With respect to *Strickland*'s second prong, a petitioner must affirmatively prove prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Petitioner does not demonstrate that trial counsel was ineffective and, therefore, *Martinez* does not aid Petitioner in establishing cause and prejudice for his procedural default. Petitioner asserts trial counsel failed to review the elements of the offense, case law, evidence, and meritorious defenses, "which would have exonerated Defendant with respect to the charge." (Doc. 1 at 6.) Petitioner asserts he would have gone to trial because the "operative and undisputed fact that Defendant also lived at the residence was an essential defense . . . ." (*Id*.)  Petitioner's claim, similar to his claim in trial court and in the Arizona Court of Appeals,[4] is that counsel was deficient in advising him to plead guilty to burglary of a residence "where Defendant also resided." (*Id*.)

Petitioner was aware of the elements of the offense, and the facts do not

---

[4] "The gravamen of Taylor's claim in this proceeding is that he was living with the victim at the time of the offenses and could not, therefore, have committed first-degree burglary, in violation of A.R.S. §§ 13-1507 and 13-1508.  He relies primarily on *State v. Altamirano*, 166 Ariz. 432, 803 P.2d 425 (App.1990), for the proposition that one cannot burglarize one's own home." *State v. Taylor*, No. 2 CA-CR 2013-0468-PR, 2014 WL 708472, at *1 (Ariz. Ct. App. Feb. 21, 2014), review denied (Nov. 6, 2014).

demonstrate he had a meritorious defense. The elements of the offense were contained in the Information.  (Doc. 10-2, Ex. A.)  Petitioner agreed to a factual basis that mirrored the charges in the Information.  (Doc. 10-2, Ex. B, at 13.) The Arizona Court of Appeals determined that "at the time Taylor entered the plea, the record did not show Taylor had 'an absolute and unconditional right' to enter the victim's apartment." *Taylor*, 2014 WL 708472, at *3.  The court of appeals also found that "any permission Taylor may have had to enter the residence at some time would not extend to stabbing the victim." *Id*. at *4.  Because the record demonstrates that his claim of residence would not have provided him an "essential defense," counsel did not provide ineffective assistance if counsel advised him to plead guilty.

The Court also considers that Petitioner kicked in the door to the residence, which would have belied his claim of residence.  The victim also told police he had moved out of the residence. Petitioner admitted he had five prior felony convictions. (Doc. 10-2, Ex. B at 11.)  Petitioner also stipulated to a mitigated sentence of seven years for a charge that had a prison range of seven to twenty-one years imprisonment. (*Id*. at 12.) The state also agreed to dismiss the stabbing charge, which is substantiated by significant, undisputed evidence. Considering all of the factors in this case, this Court does not find "counsel's representation fell below an objective standard of reasonableness."  Therefore, Petitioner fails to establish cause under *Martinez* for his procedural default.

### iv.  *Schlup* Gateway

Petitioner can still avoid the procedural default if he can demonstrate that a fundamental miscarriage of justice would result from this Court's failure to reach the merits of the claim.  The "miscarriage of justice" exception is limited to petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327.  "A petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that 'a court cannot have confidence in the outcome of the trial.'"  *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Carriger v. Stewart*, 132 F.3d 463, 478 (9th

1   Cir.1987) (en banc)) (quoting *Schlup*, 513 U.S. at 316).   The Ninth Circuit has not

2   decided "whether the *Schlup* actual innocence gateway always applies to petitioners who

3   plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) ("We are aware

4   of a potential incongruity between the purpose of the actual innocence gateway

5   announced in *Schlup* and its application to cases involving guilty (or no contest) pleas.").

6   In any event, the Court concludes that Petitioner's gateway claim fails.

7       Petitioner fails to satisfy the fundamental miscarriage of justice exception relating

8   to the stabbing charge. In *Bousley v. United States*, 523 U.S. 614, 624 (1998), the

9   Supreme Court wrote: "In cases where the Government has forgone more serious charges

10   in the course of plea bargaining, petitioner's showing of actual innocence must also

11   extend to those charges." *See also Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir.

12   2014) ("If the State dismissed [more serious] charges, Vosgien must also demonstrate

13   actual innocence for those charges.").[5]   Petitioner does not contend he is innocent of the

14   stabbing charge, and the record demonstrates he admitted this offense when he spoke to

15   arresting officers.   (Doc. 10-1, Ex. I, at 97.)   Importantly, prosecutors dismissed an

16   aggravated assault charge regarding the stabbing in exchange for Petitioner's plea of

17   guilty to the burglary charge.   Petitioner does not satisfy his burden to excuse procedural

18   default regarding the stabbing charge.

19       The Court also finds Petitioner would not satisfy this standard related to the

20   burglary conviction. Petitioner has not shown that it is more likely than not that no

21   reasonable juror would have found him guilty beyond a reasonable doubt of First Degree

22   Burglary, or that this Court cannot have confidence in the outcome of the proceedings.

23   *Majoy*, 296 F.3d at 776; *Schlup*, 513 U.S. at 314–15.   Petitioner asserts that he could not

24   have committed this offense because he was a resident of the apartment. At the time of

25   the stabbing, the victim told police that Petitioner was not a resident.   (Doc. 10-2, Ex. J,

26   at 14.) Petitioner also "kicked in the door to gain entry," which is inconsistent with

27

28       [5] Here, Petitioner pleaded to the more serious charge, and the lesser (albeit serious aggravated assault charge) was dismissed. The Court therefore addresses actual innocence regarding the burglary charge.

Petitioner being a resident of the apartment.  Petitioner avowed at his change of plea that he "entered the residential structure of his ex-girlfriend" to commit a felony therein. (Doc. 10-1, Ex. B, at 17.)  Petitioner's avowals at a plea hearing, as well as any findings made by the judge accepting the plea, constitute a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). "Solemn declarations in open court carry a strong presumption of verity."  *Id.*; *see also Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012) ("Petitioner's statements at the plea colloquy carry a strong presumption of truth.").

At the PCR evidentiary hearing, the victim testified that Defendant lived in the apartment and that she lied to police when she told them that he had moved out of the apartment one month before the stabbing.  (Doc. 10-2, Ex. J, at 15.)  She testified that she was afraid her landlord would increase the rent if the landlord learned Defendant was residing in the apartment.  (*Id.* at 29.)  She also testified she was on pain medication when she spoke with police, and was angry with Petitioner due to the stabbing.  (*Id.* at 15.)  She testified that Petitioner forgot his keys when he left the apartment before he returned and kicked in the door.  (*Id.* at 14.)  Petitioner testified that he resided at the residence.  (*Id.* at 43.)  Petitioner's aunt testified that after Petitioner's arrest, boxes of his property were delivered to her residence.  (*Id.* at 38.)  The trial court noted that the victim was present at the change of plea, and she did not object to the factual basis or advise the court Petitioner lived at the residence.  (*Id.* at 66.)

Petitioner must demonstrate that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.  *Schlup*, 513 U.S. at 314–15; *Jones v. Taylor*, 763 F.3d 1242 (9th Cir. 2014) (finding recantation testimony insufficient under the facts of the case "because we cannot say that every juror would credit her recantation testimony over her trial testimony"). Here, the Court is left with conflicting statements from the victim regarding Petitioner's residence at the time of the stabbing. The Court is also presented with Petitioner's admission during a plea avowal but a denial at a subsequent evidentiary hearing.  Petitioner kicked in the door of the residence, but he

may have forgotten his keys.  Petitioner had clothing and property at the residence, but those items may have remained from his prior residency. Ultimately, there are two competing versions of the truth.  These are classic credibility determinations typically left for a jury to resolve. This Court cannot say that no juror, acting reasonably, could find Petitioner guilty beyond a reasonable doubt.

Petitioner offers no grounds to excuse his procedural default, and he does not satisfy the 'fundamental miscarriage of justice' exception to the procedural default rule.

### c.  Ground Two: Freestanding Actual Innocence Claim

Petitioner claims there was "insufficient evidence to convict and Defendant is actually innocent" of the offense because "no reasonable trier of fact could convict beyond a reasonable doubt . . . ." (Doc. 1 at 7.)  Assuming that Petitioner's freestanding actual innocence claim, presumably under *Herrera v. Collins*, 506 U.S. 390 (1993), is cognizable in these proceedings,[6] the Court finds that Petitioner has not met his burden under this claim. "[T]he *Herrera* majority's statement that the threshold for a freestanding claim of innocence would have to be extraordinarily high, contemplates a stronger showing than insufficient of the evidence to convict."  *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc) (internal citations omitted).  Petitioner failed to meet the lower standard of actual innocence under the *Schlup* gateway (*supra*, at 8-10), and, therefore, does not meet his burden to proceed on his *Herrera* claim.

## IV.   Evidentiary Hearing

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter.  *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

### CONCLUSION

---

[6] The United States Supreme Court has not explicitly held that a "freestanding" claim of factual innocence, i.e., one unaccompanied by a substantive claim of constitutional error in trial proceedings, provides a basis for federal habeas relief in a non-capital case. *See Jones v. Taylor*,  763 F.3d 1242, 1246 (9th Cir. 2014) ("We have not resolved whether a freestanding actual innocence claim is cognizable in a federal habeas corpus proceeding in the non-capital context, although we have assumed that such a claim is viable.").

Based on the above analysis, the Court finds that Petitioner's claims are unexhausted and procedurally defaulted.   Petitioner also cannot satisfy his burden regarding a freestanding actual innocence claim. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not satisfied his burden regarding a freestanding actual innocence claim.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of

///

///

///

the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of December, 2015.

Honorable John Z. Boyle
United States Magistrate Judge