IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ulyesses Moran Taylor,<br><br>          Petitioner,<br>vs.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV-14-02721-PHX-SPL (JZB)<br><br>**ORDER** |

Petitioner Ulyesses Moran Taylor has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Honorable John Z. Boyle, United States Magistrate Judge, has issued a Report and Recommendation ("R&R") (Doc. 13), recommending that the petition be denied on the basis that Petitioner's claims are either procedurally barred from review or without merit. Petitioner has objected to the R&R. (Doc. 14.) For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

**I.    Background**

In 2010, Petitioner was charged in the Maricopa County Superior Court, Case No. CR 2010-127956, with first degree burglary and aggravated assault. (Doc. 10-1, Exh. A.) Petitioner pled guilty to the offense burglary and was sentenced to a 7-year term of imprisonment. (Doc. 10-1, Exh. F.)

On December 18, 2014, Petitioner timely filed the instant Petition for Writ of Habeas Corpus raising two claims for relief. (Doc. 1.) In Ground One, Petitioner claims

ineffective assistance of counsel in violation of the Sixth Amendment based on trial counsel's failure to adequately advise him during the plea process. In Ground Two, Petitioner claims actual innocence of the crime of first-degree burglary. Respondents filed a limited answer in which they argue that Petitioner's claims should be dismissed as procedurally barred or not cognizable on federal habeas review. (Doc. 10.)

## II. Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## III. Discussion

First, Petitioner objects to the Magistrate Judge's finding that Petitioner's ineffective assistance of counsel claim is insubstantial and does not establish cause to excuse Petitioner's procedural default under *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309 (2012).[1] Petitioner maintains that the fact that he lived at the residence with the

---

[1] To determine whether a claim is substantial requires the Court to examine the claim has some merit under *Strickland v. Washington*, 466 U.S. 668 (1984), which is "applicable to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). *See Martinez*, 132 S.Ct. at 1318; *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012); *Hedlund v. Ryan*, 815 F.3d 1233, 1250 (9th Cir. 2016). Under *Strickland*, as applied in the context of the circumstances here, Petitioner must show: (1) deficient performance, in that counsel's representation fell below an objective

victim was "an essential defense" to the crime of burglary,[2] and "had he received the necessary and accurate legal information with respect to the criminal elements in the statute compared to the State's evidence he would have been exonerated at trial and refused to plead guilty." (Doc. 14 at 1.)

Accepting that Petitioner "resided" in the apartment with the victim, Petitioner did not have "an absolute and unconditional right to enter and remain on the property where he committed the crime." *State v. Altamirano*, 803 P.2d 425, 430 (Ariz. Ct. App. 1990). The victim, not Petitioner, held the lease on the apartment, and Petitioner had no apparent legal right to the property. (Doc. 10-2 at 10-11, 20, Exh. J at 9, 19.) Any right to reside at the apartment conferred by the victim did not give Petitioner an unconditional right to enter the residence with the intent to assault her or her guests. *See State v. Van Dyke*, 621 P.2d 22, 23-24 (Ariz. 1980) (even if entry legitimate, crime of burglary complete upon entry with intent to commit felony). Further, even if assuming Petitioner's initial entry was lawful, his continued presence became unauthorized when he remained on the premises with an intent to commit a felony. *See Altamirano,* 166 Ariz. at 435, 803 P.2d at 428 ("It is clear that although a person enters another's premises lawfully and with consent, his presence can become unauthorized, unlicensed, or unprivileged if he remains there with the intent to commit a felony."). *See also State v. Taylor*, No. 2 CA-CR 2013-0468-PR, 2014 WL 708472, at *3 (Ariz. Ct. App. Feb. 21, 2014), *review denied* (Nov. 6, 2014) ("at the time Taylor entered the plea, the record did not show Taylor had 'an

---

standard of reasonableness; and (2) prejudice, in that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. *Strickland*, 466 U.S. at 687-88; *Hill*, 474 U.S. at 59. The prejudice assessment generally "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.* Thus, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.*

[2] To convict Petitioner of first-degree burglary, the state was required to prove that he had "enter[ed] or remain[ed] unlawfully in ... a residential structure with the intent to commit any theft or any felony therein" and knowingly possessed a dangerous instrument or deadly weapon "in the course of committing any theft or any felony." Ariz. Rev. Stat. §§ 13–1507(A), 13–1508(A).

absolute and unconditional right' to enter the victim's apartment" and "any permission Taylor may have had to enter the residence at some time would not extend to stabbing [the victim].").

Therefore assuming, arguendo, that counsel performed deficiently by failing to advise Petitioner regarding the elements of his burglary offense such that his residence defense did not come to light, he has not demonstrated prejudice because he has not established a reasonable probability that the defense would have succeeded. As the alleged defense was unlikely to succeed, he would have faced a greater sentence had he gone to trial, and there is no evidence that Petitioner would have decided to proceed to trial on the basis of an unmeritorious defense, he cannot establish prejudice arising from counsel's failure to advise him. Rather, the record suggests only that it is likely that a jury would have convicted him if he had not pleaded guilty. The evidence supporting the burglary charge does not rest on the victim's testimony alone. It is undisputed that Petitioner entered the victim's residence, and in order to do so, Petitioner kicked the door down. Police records reflect that Petitioner admitted that when he was inside the apartment, he had "raised the knife and pushed it into [the victim] one time." (Doc. 10-1 at 97, Exh. I.) The victim's guest was present in the apartment at the time of the crime and told police that he had heard Petitioner yell "im gonna kill you" and "im gonna stab you" [sic]. (Doc. 10-1 at 98, Exh. I.) Despite the victim's recantation, her original account of the events as reported would be probative at trial; the inherent nature of the case, as observed by the state court, was one of domestic violence. The version of events provided by the victim in her recantation is not dispositive, but a matter of credibility for the jury to decide. *See Jones v. Taylor*, 763 F.3d 1242 (9th Cir. 2014) (finding recantation testimony insufficient under the facts of the case because they could say not that every juror would credit the recantation testimony).

Therefore, Petitioner fails to demonstrate that his ineffective assistance of counsel claim is substantial under *Martinez. See United States v. Keller,* 902 F.2d 1391, 1395 (9th Cir. 1990) (no *Strickland* prejudice from counsel's alleged failure to pursue defense

where defense was unlikely to have succeeded at trial); *Smith v. Mahoney*, 611 F.3d 978, 990 (9th Cir. 2010) (no *Strickland* prejudice where petitioner had "little to no chance of prevailing on an affirmative defense"); *Weaver v. Palmateer,* 455 F.3d 958, 970 (9th Cir. 2006) (no *Strickland* prejudice where petitioner's proposed defense "would have been unlikely to succeed" and therefore "unlikely to supplant the plea bargain"); *Lambert v. Blodgett,* 393 F.3d 943, 984 (9th Cir. 2004) (no *Strickland* prejudice from counsel's alleged failure to uncover evidence supporting defense prior to guilty plea where there was "overwhelming evidence of guilt" and "little chance" that defense would have succeeded at trial); *Sophanthavong v. Palmateer*, 378 F.3d 859, 870-71 (9th Cir. 2004) (no *Strickland* prejudice where petitioner's assertion that he would have rejected plea offer and gone to trial had he been properly advised was not credible in light of substantial evidence of his guilt and much higher potential sentence at trial).

For the same reasons, Petitioner's objection to the R&R as to the applicability of the "fundamental miscarriage of justice" exception equally fails. *See also Schlup v. Delo*, 513 U.S. 298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."). Petitioner has not shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of first degree burglary, or that the victim's recantation of events undermines the confidence in the outcome of the proceedings. *See Schlup*, 513 U.S. at 314–15.

Therefore, having reviewed the objected to recommendations *de novo*, the Court finds that the Magistrate Judge correctly concluded that Petitioner's ineffective assistance of counsel claim in Ground One is unexhausted and procedurally defaulted, that he has not presented cause and prejudice to excuse the default, or demonstrated that an exception to default applies. Further, as addressed in the R&R, because Petitioner failed to meet the lower standard of actual innocence under the *Schlup*, he does not meet his burden as to his freestanding actual innocence in Ground Two to the extent the claim is

cognizable.

Petitioner lastly objects to the failure to be provided with an evidentiary hearing. This objection is also rejected. The record is sufficiently developed and Petitioner has not made a good-faith allegation that would, if true, establish cause or prejudice or an exception to the procedural bar. Therefore, the Court does not find that an evidentiary hearing is warranted to resolve this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

**III.   Conclusion**

Having reviewed the record as a whole, Petitioner's claims are either procedurally barred from review or without merit. The R&R will therefore be adopted in full. Accordingly,

**IT IS ORDERED:**

1.    That the Magistrate Judge's Report and Recommendation (Doc. 13) is **accepted** and **adopted** by the Court;

2.    That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

3.    That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not satisfied his burden regarding a freestanding actual innocence claim.; and

4.    That the Clerk of Court shall **terminate** this action.

Dated this 1st day of February, 2017.

Honorable Steven P. Logan
United States District Judge